UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DANIEL GARCIA,

      Petitioner,

v.                                    Case No. 5:12-cv-420-Oc-30PRL

SECRETARY, DEPT. OF
CORRECTIONS, et al.,

      Respondents.

_____

## **ORDER OF DISMISSAL**

Petitioner, *pro se*, initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Respondents filed a Response to the Petition seeking dismissal of the action with prejudice pursuant to the one-year statute of limitations for § 2254 petitions set forth in 28 U.S.C. § 2244.  (Doc. 7).   The Petition, the Response to the Petition and the record submitted with the Response, and the other pleadings demonstrate that an evidentiary hearing is not warranted and the Court may resolve the Petition on the basis of the record.  *See* Habeas Rule 8(a).

## **Conviction and Sentence**

This action stems from Petitioner's conviction of one count of lewd and lascivious molestation, victim over twelve but less than 16, in violation of section 800.04(5)(a) and (c)2, Florida Statutes (2004).  *See* Doc. 8, App. A.  Petitioner does not dispute the Respondents' procedural chronology, which is supported by the Respondents' Appendix.

The state trial court sentenced Petitioner to 15 years incarceration with the Department of Corrections.   On direct appeal, the appellate court *per curiam* affirmed Petitioner's conviction and sentence on June 9, 2009.  *See* Doc. 8, App E.  *See also Garcia v. State*, 16 So. 3d 862 (Fla. 5th DCA 2009).  Mandate issued on July 1, 2009.  *See* Doc. 8, App. F.

On January 16, 2011, Petitioner filed a post-conviction motion.  *See* Doc. 8,  App P. The trial court summarily denied Petitioner's motion in part on March 21, 2011, and denied in full on June 6, 2011.   *See* Doc. 8, App. H, J.  The Florida Fifth District Court of Appeal granted Petitioner a belated appeal.  The appellate court entered a *per curiam* affirmance on February 28, 2012.  *See* Doc. 8, App. K, M.  *See also Garcia v. State*, 83 So. 3d 741 (Fla. 5th DCA 2012).  Mandate issued on March 23, 2012. *See* Doc. 8, App. N.  On July 23, 2012, Petitioner filed the instant petition for writ of habeas corpus.  (Doc. 1).

## Timeliness of Petition

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996.  This law amended 28 U.S.C. § 2244 by adding a new subsection that sets forth filing deadlines for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.[1]  Therefore, absent any state court post-conviction proceeding that would have tolled the federal limitation period,[2] a petitioner who's conviction and sentence became final after the effective date of AEPDA has

---

[1] 28 U.S.C. §2244(d)(1); AEDPA, Title I, Habeas Corpus Reform, Section 101, Filing Deadlines.

[2] 28 U.S.C. § 2244(d)(2).

one-year from the date the conviction and sentence became final to file a federal habeas petition.

Adding the additional ninety days for filing a petition for writ of certiorari, Petitioner's conviction became final on September 7, 2009.[3]  Accordingly, Petitioner had until September 7, 2010, to file his federal habeas petition, absent collateral state court activity.   Petitioner did not file any state court motions until he filed a post-conviction motion on January 16, 2011, at which time the federal limitation period had already expired. Therefore, the instant Petition, handed to prison official for mailing July 23, 2012, is clearly untimely.

To the extent Petitioner maintains he is entitled to equitable tolling, the Court is unpersuaded.  Equitable tolling is appropriate when "extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition."[4]  This means that the Petitioner must show that the untimeliness of his petition was "both beyond his control and unavoidable even with due diligence."[5]

---

[3]Respondents state Petitioner should not be entitled to the additional 90 days pursuant to the recent Supreme Court of the United States case of *Gonzalez v. Thaler*, 132 S. Ct. 641 (2012).  In *Gonzalez*, the Supreme Court held that if a prisoner does not pursue review to the Supreme Court of the United States or to the State's highest court, he is not entitled to an additional 90 days for filing a petition for writ of certiorari.  Although Petitioner did not seek review with the Supreme Court of Florida, Gonzalez is  distinguishable because in Florida, the Supreme Court does not have jurisdiction to review a district court's per curiam decision on direct appeal.  *See Jackson v. State*, 926 So. 2d 1262, 1265 (Fla. 2006).  Filing a petition for writ of discretionary review with the Supreme Court of Florida would be futile.  Accordingly, Petitioner was not required to file such a petition in order for the 90 additional days of the one-year limitations period.  The petition is untimely under either calculation.

[4] *Diaz v. Sec'y for Dept. of Corr.*, 362 F.3d 698, 700 (11th Cir. 2004) (quoting *Helton v. Sec'y for Dept. of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001) (internal quotations omitted).

[5] *Johnson v. United States*, 340 F.3d 1219, 1266 (11th Cir. 2003) (§ 2255 case).

Petitioner bears the burden of showing what "extraordinary circumstances. . . both beyond his control and unavoidable even with diligence" justify such relief.[6]  Petitioner has failed to show that the untimeliness of his Petition was both beyond his control and unavoidable even with due diligence.

## Conclusion

Accordingly, the Petition is due to be dismissed as time-barred.  The Clerk is directed to dismiss the Petition with prejudice, terminate any pending motions, and close the file. Further, the Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. 2253(c)(2).  The Court also declines to allow Petitioner to proceed on appeal *in forma pauperis* because any such appeal would not be taken in good faith.

**DONE** and **ORDERED** in Tampa, Florida on February 11, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[6] *Drew v Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).